1
2
3
4
5
6
7
8

9 **UNITED STATES DISTRICT COURT**

10 **CENTRAL DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  THE LEASE OUTLET, INC. | CASE NO:  SACV 09-00108-CJC (RCx) |
| 13       Plaintiff, | Hon.  Cormac J. Carney |
| 14       vs. | ~~[PROPOSED]~~ PROTECTIVE ORDER |
| 15  U.S. BANK; U.S. BANCORP; U.S. BANK LEASING LT; and DOES 1 | |
| 16  through 20, inclusive, | Trial Date:     May 25, 2010<br>Complaint Filed:  December 15, 2008 |
| 17       Defendants. | NOTE CHANGES MADE BY THE COURT. |

18

19      After the Court's review of the parties' Joint Stipulation, and for good cause

20 appearing

21      IT IS HEREBY ORDERED:

22      1.    As used in this Stipulated Protective Order ("Protective Order"), the following

23 terms shall be defined as follows:

24      (a)   "Material" shall include any document, testimony or information in any form or

25      medium whatsoever including, without limitation, any written or printed matter

26      any photograph, drawing, chart, design or pictorial representation and any

27      electronic, magnetic or photographic recording, whether tape, film, disk,

28      microfiche or any

1    other medium produced by a person in the course of this action at any time

2    during its pendency, and all material containing information derived therefrom.

3    (b)   "Person" shall include any party or non-party to this action, whether an

4    individual, corporation, partnership, unincorporated association, governmental

5    agency or other business or governmental entity.

6    (c)   "Party" shall mean any or all of the parties to this action, their attorneys of

7    record and their agents.

8    (d)   "Confidential" material means any material designated as "Confidential,"

9    including all copies thereof and information contained therein.

10   (e)   "Attorneys' Eyes Only" material means material which is "Confidential" as

11   defined above and that the party in good faith believes constitutes trade secrets

12   or material that is so competitively sensitive in the context of the case that

13   there is a real danger that the party producing the information could be

14   prejudiced if the information is disclosed under the protection provided by a

15   "confidential" designation.

16   2.    This Protective Order applies to all information contained or disclosed in any

17   materials, including documents, portions of documents, answers to interrogatories, responses

18   to requests for admissions, deposition testimony and transcripts of deposition testimony,

19   including data, summaries, and compilations derived therefrom, that is deemed to be

20   confidential or trade secret information by any party, including third parties, to which it

21   belongs, and/or which has been marked with the designation "CONFIDENTIAL" or

22   "ATTORNEYS' EYES ONLY."

23   3.    In addition to the provisions of this Protective Order, no material produced

24   by any party in this action shall be used for any purpose outside the context of this litigation,

25   including, without limitation, competitive business practices, regardless whether such

26   material bears a confidentiality inscription or is otherwise protected under this Protective

27   Order.

28

-2-
[PROPOSED] PROTECTIVE ORDER

4.     If a party believes in good faith that any material to be produced or provided in this litigation by parties or third parties, including depositions and production of documents pursuant to third-party subpoena, constitutes or contains confidential information, including: (i) private information of a personal or financial nature; (ii) trade secrets or protected proprietary information; or (iii) information about any person or entity that would be substantially likely to result in current competitive injury to that person or entity if the information is divulged in this case the party may designate such material as "Confidential" or "Attorneys' Eyes Only." No such designation shall be made unless counsel of record believes in good faith that the designated material is entitled to such protection. Material is to be designated as "Confidential" or "Attorneys' Eyes Only" by physically placing either of the following inscriptions (the "Confidentiality Inscriptions") upon the confidential material **CONFIDENTIAL** or **ATTORNEYS' EYES ONLY**.

5.     When "Confidential" material is provided in an electronic format, including video, it shall be designated by placing the appropriate Confidentiality Inscription on the disk, video or other medium containing the material. If any document is printed from a disk (or other electronic medium) bearing a Confidentiality Inscription, the printed documents should be marked accordingly.

6.     Materials designated as "Confidential," and notes made therefrom, may only be viewed by the following persons ("Qualified Persons"), and only after such persons (other than persons identified in items (a) and (e)) have signed the "Acknowledgment of Protective Order and Agreement to be Bound" attached as Exhibit A to the Stipulation.

    (a)     Counsel of record working on this action on behalf of any party and counsel's partners, associates, paralegals, secretarial and clerical employees, and attorney services;

    (b)     Individual parties and directors, officers and employees of the parties;

1    (c)    Technical personnel of the parties with whom counsel of the parties find it
2           necessary to consult, in the discretion of such counsel, in preparation for trial
3           in this action;
4    (d)    Experts and consultants retained by any party or its counsel to assist with the
5           action and the secretarial, technical and clerical employees of such experts and
6           consultants who are actively assisting them in this action;
7    (e)    The Court and any persons employed by the Court whose duties require access
8           to such material;
9    (f)    Court reporters and their staff; and
10   (g)    Authors or addressees of the designated material, as well as persons identified
11          as "bcc" and "cc" on such material;
12   (h)    A witness at any deposition or other proceeding, including trial, in this action
13          and/or counsel for such witness.  Such a witness may have access to the
14          information only if (1) the witness is testifying regarding the matter that is
15          confidential, and (2) if the witness agrees to keep the matter confidential.

16      7.      All documents, information or other things designated "Attorneys' Eyes Only"
17   are included within the meaning of Confidential Information as used in this Order and all
18   provisions set forth in the Order that apply to Confidential Information also apply to material
19   designated "Attorneys' Eyes Only."  However, documents, information and other things
20   designated "Attorneys' Eyes Only" shall not be disclosed to persons identified in
21   subparagraph 6(b) [The individual parties and directors, officers and employees of the
22   parties] or subparagraph 6(c) [Technical personnel of the parties with whom counsel of the
23   parties find it necessary to consult, in the discretion of such counsel, in preparation for trial
24   in this action] of this order.

25      8.      All materials deemed "Confidential" or "Attorneys' Eyes Only" shall be used
26   for purposes of this litigation only, shall not be used by any person other than the producing
27   party for any purpose not directly involving this litigation, shall not be used, directly or

28

-4-
[PROPOSED] PROTECTIVE ORDER

1 indirectly, for any business or competitive purposes and shall only be used subject to the
2 terms, conditions and restrictions of the Protective Order.

3      9.    The parties shall make a good faith effort to limit dissemination of
4 "Confidential" or "Attorneys' Eyes Only" material within the categories listed in the
5 preceding paragraph to those persons who have a reasonable need for access to such
6 material.

7      10.   Whenever a deposition involves a disclosure of materials or information that
8 any party deems "Confidential" or "Attorneys' Eyes Only," the deposition shall be
9 designated in accordance with this Protective Order. Such designation shall be made at the
10 deposition and/or within ten (10) days after the party seeking designation has received the
11 written copy of the deposition from the court reporter. During the deposition, the disclosing
12 party shall have the right to exclude from attendance all persons other than those permitted to
13 view the information under the provisions of this Protective Order.

14      11.   Whenever a party objects to the designation of the material as "Confidential"
15 or "Attorneys' Eyes Only" and wishes to disclose such material beyond the terms of this
16 Protective Order, the party shall provide the party making such designation with reasonable
17 written notice of its desire and intent to so disclose such information. If the parties cannot
18 resolve their dispute with respect to the propriety of any material being designated as
19 "Confidential" or "Attorneys' Eyes Only" then the party who wishes to remove such
20 designation shall make a motion ~~or ex parte application~~ subject to Local Rule 37 to this Court for the resolution of the
21 dispute. Until such time as the Court renders a decision on such dispute, the disputed
22 material shall be deemed "Confidential" or "Attorneys' Eyes Only" and the use and
23 dissemination of the disputed material shall be limited accordingly under the terms of this
24 Protective Order.

25      12.   If any material designated as "Confidential" or "Attorneys' Eyes Only" is to be
26 filed with the Court or offered as evidence at trial, the party planning to file and/or offer as
27 evidence at trial shall comply with Local Rule 79.-5.

28

-5-
[PROPOSED] PROTECTIVE ORDER

13.   ~~Any material filed under seal shall be filed and maintained under seal and shall not be available for public inspection~~. The party making the filing shall be responsible for filing the pleading or other paper in a sealed envelope, with a cover sheet stating:

### CONFIDENTIAL - UNDER SEAL

> This document is subject to a Protective Order issued by the Court and may not be examined or copied except in compliance with the Protective Order entered in *The Lease Outlet, Inc. v. U.S. Bank et al.*, United States District Court for the Central District of California, Case Number CV-09-00108.

14.   Prior to the use of material filed under seal or ordered sealed in any pretrial hearing or trial in this action, the party wishing to use such material shall so advise the Court so that precautions may be taken to preserve the confidentiality of the material.

15.   Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery from the supplying party in this action, whether or not such material is also obtained through discovery from the supplying party in this action, or from disclosing its own confidential material as it deems appropriate.

16.   Nothing herein shall impose any restriction on the use or disclosure by a party of material obtained by such party independent of discovery in this action or obtained by such party that: (a) is in the public domain at the time of disclosure; (b) becomes part of the public domain after the time of disclosure through no fault of the receiving party; or (c) was received from a third party who had no obligation of confidentiality at the time of the use or disclosure and against whom the producing party has filed no claim with regard to the subject information (any of which the receiving party shall have the burden of proving). The supplying party in this action reserves all rights regarding any material obtained by the receiving party independent of discovery in this action.

17.   This Protective Order shall be without prejudice to the rights of the parties to bring before the Court, ~~in an *ex parte* appearance or~~ on noticed motion, with compliance with Local Rule 37, the question of whether any particular document or information is to be designated "Confidential" or

"Attorneys' Eyes Only" or filed under seal, or whether its use should be restricted, or to present a motion to the Court for a separate protective order as to any particular document or information, including restrictions differing from those specified herein. This Protective Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Protective Order.

18.     This Protective Order is entered solely for the purpose of facilitating the exchange of material without involving the Court unnecessarily in the process. Nothing in this Protective Order, or the producing of any material under the terms of this order, or any proceedings pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by any party, or of altering the confidentiality or nonconfidentiality of any such material, or altering any existing obligation of any party or the absence thereof.

19.     This Protective Order shall survive the final termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning use of information disclosed hereunder.

20.     Upon termination of this case and the expiration of any rights of appeal, counsel for the parties shall assemble and return to the supplying parties, within 60 days, all material designated as "Confidential" or "Attorneys' Eyes Only" and all copies of same, or shall certify the destruction thereof to the supplying parties; provided, however, that outside counsel may retain one copy of each document designated as "Confidential" or "Attorneys' Eyes Only" solely for the purpose of reference in the event of any dispute concerning the use or disclosure of information so designated and may retain copies of such materials to the extent that they contain, include or affect attorney work product of the receiving attorney.

21.     The failure of any party to designate material as "Confidential" or "Attorneys' Eyes Only" or to file such material under seal shall not constitute a waiver or otherwise affect the confidentiality of other material that a party has designated or wishes to designate as "Confidential" or "Attorneys' Eyes Only."

1    22.    Nothing in this Protective Order shall be deemed to limit, prejudice or waive

2    any rights of any party or person: (a) to resist or compel discovery; (b) to seek or obtain

3    additional different protection for, material claimed to be protected work product or

4    privileged under the Federal Rules of Civil Procedure, or any other applicable law; (c) to

5    seek or modify or obtain relief from any aspect of this Protective Order; (d) to object to the

6    use, relevance, or admissibility at trial of any evidence, whether or not comprised of

7    "Confidential" or "Attorneys' Eyes Only" material governed by this Protective Order; or (e)

8    otherwise to require that discovery be conducted according to governing laws and rules.

9    23.    The placing of a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY"

10   inscription or production identification number on the face of any document produced shall

11   have no effect upon the authenticity or admissibility of that document at trial.

12   24.    This Protective Order is without prejudice to the right of any party or person to

13   waive the applicability of this Protective Order to any "Confidential" or "Attorneys' Eyes

14   Only" material produced or disclosed by that person or to use any "Confidential" or

15   "Attorneys' Eyes Only" material owned by the party or person in any manner that party or

16   person deems appropriate.

17   25.    This Protective Order shall not affect any contractual, statutory or other legal

18   obligation or rights of any party with respect to "Confidential" or "Attorneys' Eyes Only"

19   material designated by that party.

20   26.    No documents shall be filed under seal unless an appropriate order is entered in

21   accordance Local Rule 79-5 and any other applicable rules.  Unless and until such an order is

22   entered, confidential material shall be lodged separately as exhibits and will be returned to

23   counsel upon completion of the hearing for which the "Confidential" or "Attorneys' Eyes

24   Only" material is submitted.

25   Dated: _May 25, 2010_

26                                             ~~Hon. Cormac J. Carney~~
                                               ~~United States District Court Judge~~

27   4821-5276-6214\1\059235\09965            ROSALYN M. CHAPMAN

28                                             UNITED STATES MAGISTRATE JUDGE

-8-
[PROPOSED] PROTECTIVE ORDER